**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**ISLIP DIVISION**

| | |
|---|---|
| **YETI Coolers, LLC,**<br>**Plaintiff,**<br>**v.**<br>**Bedgear, LLC,**<br>**Defendant.** | Civil Action No. 2:26-cv-6538<br>**COMPLAINT FOR PATENT INFRINGEMENT**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its Complaint against Bedgear, LLC ("Bedgear"), alleges as follows:

### The Parties

1. YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2. On information and belief, Bedgear, LLC is a company organized and existing under the laws of the State of Delaware with a principal place of business at 200 Sea Lane, Farmingdale, NY 11735.

### Jurisdiction and Venue

3. This is an action for patent infringement. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4. This Court has subject matter jurisdiction over this action pursuant to at least 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Bedgear because, *inter alia*, Bedgear maintains its principal place of business in the State of New York, including in this District. This

Court also has personal jurisdiction over Bedgear because, *inter alia*, Bedgear is purposefully and intentionally availing itself of the privileges of doing business in the State of New York, including in this District. Among other things, Bedgear has a regular and established place of business in this District, Bedgear has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import, infringing products to customers and/or potential customers, including in this District, and Bedgear's unlawful acts that give rise to this lawsuit and harm to YETI have occurred and are occurring in the State of New York, including in this District.

6. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400(b).

**YETI's Intellectual Property**

7. For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of pet bed products, including its Trailhead® Dog Bed and Boomer™ Dog Bed products. YETI has invested substantial resources into the research, design, and development of these products. YETI's research, design, and development have led to many innovative product designs and technologies, including designs and technologies at issue in this lawsuit.

8. For example, YETI owns U.S. Patent No. 11,178,849 ("'849 Patent"), U.S. Patent No. 11,805,753 ("'753 Patent"), U.S. Design Patent No. D901,093 ("'093 Patent"), U.S. Design Patent No. D910,931 ("'931 Patent"), and U.S. Design Patent No. D955,665 ("'665 Patent"), all related to pet beds.

9. The '849 Patent is titled "Pet Bed." On November 23, 2021, the '849 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the '849 Patent. A copy of the '849 Patent is attached as Exhibit 1.

10. The ’753 Patent is titled “Pet Bed.” On November 7, 2023, the ’753 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the ’753 Patent. A copy of the ’753 Patent is attached as Exhibit 2.

11. The ’093 Patent is titled “Pet Bed.” On November 3, 2020, the ’093 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the ’093 Patent. A copy of the ’093 Patent is attached as Exhibit 3. An exemplary figure from the ’093 Patent is shown in Illustration 1 below:

**Illustration 1: Exemplary Figure from the ’093 Patent**



12. The ’931 Patent is titled “Pet Bed.” On February 16, 2021, the ’931 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the ’931 Patent. A copy of the ’931 Patent is attached as Exhibit 4. An exemplary figure from the ’931 Patent is shown in Illustration 2 below:

**Illustration 2: Exemplary Figure from the ’931 Patent**



13. The ’665 Patent is titled “Pet Bed.” On June 21, 2022, the ’665 Patent was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to the ’665 Patent. A copy of the ’665 Patent is attached as Exhibit 5. An exemplary figure from the ’665 Patent is shown in Illustration 3 below:

**Illustration 3: Exemplary Figure from the ’665 Patent**



**Bedgear's Unlawful Activities**

14. Bedgear has made, used, offered to sell, sold, and/or imported, and continues to make, use, offer to sell, sell, and/or import, products that violate YETI's rights, including YETI's patent rights. Bedgear's actions have all been without the authorization of YETI.

15. As discussed in more detail below, Bedgear is selling pet bed products that infringe YETI's patent rights. Bedgear is not authorized to use YETI's patented technologies or designs. Bedgear's actions are unlawful, and they must stop. Bedgear must also compensate YETI for Bedgear's violations of the law.

16. Bedgear's infringing products include its Performance Dog Bed. Bedgear's Performance Dog Bed is shown, for example, on Bedgear's website at https://bedgear.com/products/performance-dog-bed, and exemplary images of Bedgear's Performance Dog Bed are also shown below:

| Illustration 4: Exemplary Images of Bedgear's Performance Dog Bed |
|---|
|  |
|  |

17. Bedgear describes its Performance Dog Bed as, among other things, having a "home base" with a "blue zipper," "white zipper," "pillow bolster insert," and "foam siding"; a

"removable travel pad" with a "zipper" and "foam core"; and a "waterproof cover."

18. Exemplary images of Bedgear's descriptions from its product listing for the infringing Performance Dog Bed and on the tags that are on the infringing Performance Dog Bed are shown below in Illustration 5.

**Illustration 5: Exemplary Images of Bedgear's Descriptions of Its Performance Dog Bed**



**Build, Materials, & Care** ✕

**MATERIALS** Ventilated React

**CARE** TRAVEL PAD:

Fully unzip the top cover form the bottom cover. Set foam core aside. Both covers can go in the washing machine and dryer. Machine wash cold on gentle cycle, tumble dry low, do not bleach, iron or dry clean. Do not wash foam components. After cleaning, once all covers are fully dry, reassemble by inserting foam core into bottom cover and attach top cover using the zipper.

HOME BASE:

Fully unzip the blue zipper and remove the pillow bolster insert. Unzip the white zipper completely, seperating top cover from bottom cover, and remove the foam siding. Set pillow bolster and foam aside. Both covers can go in the washing machine and dryer. Machine wash cold on a gentle cycle, tumble dry low, do not bleach, iron or dry clean. Do not wash pillow bolster or foam components. After cleaning, one all covers are fully dry, reassemble by inserting foam siding into bottom cover. Reattach the top cover to the bottom cover using the white zipper. Once zippered and attached, fold the cover material to the center and place the pillow bolster on top. Unfold the material to cover the the pillow bolster and zip close using the blue zipper.



DURABLE

## Built to last

Scratch, dig, and chew, your pup can do it all with our bed. Made from strong and durable fabric and a waterproof cover, our dog bed stands up to rough paws while protecting against accidents and stains.

REACT™ FOAM CORE

## Breathable Comfort

Your pup deserves the best, which is why we created our dog bed with the same material we use in our mattresses. Breathable and supportive, our Ventilated React Foam provides conforming pressure relief for a more restorative sleep.





TWO-IN-ONE-DESIGN

## Removable Travel Pad

Now your pup can feel at home anywhere you go. Our two-in-one dog bed features a removable travel pad for on-the-go comfort without the extra bulk.




**2. What is the BEDGEAR Dog Bed made of?** ✕

Our dog bed features a ventilated React Foam Core for support, a durable, waterproof cover that is bite and tear-resistant, and paw-shaped rubber pads that act as a skid-proof barrier.

**3. How many pieces is this dog bed?** ✕

Our two-in-one dog bed comes with a home base and a removable travel pad for on-the-go sleeping and resting.

**4. Is this dog bed waterproof?** ✕

Yes, our dog bed contains a waterproof lining that prevents the interior foam from getting wet.

**Count I:**
**Patent Infringement of U.S. Patent No. 11,178,849 Under 35 U.S.C. § 271**

19. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20. Bedgear has infringed and continues to infringe the ’849 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Bedgear’s infringing Performance Dog Bed, which includes each and every element of one or more claims of the ’849 Patent, either literally or through the doctrine of equivalents, including at least claim 1. For example, claim 1 of the ’849 Patent recites “[a] pet bed” comprising “a bolster comprising: a lower bolster cover having a bottom member and a side member extending from a perimeter of the bottom member, wherein the lower bolster cover has a first closure element extending around an upper interior region of the side member and a second closure element extending around an upper exterior region of the side member, a foam cushion positioned on the bottom member of the lower bolster cover, wherein the foam cushion includes an upper surface, a lower surface, a side surface extending from the upper surface to the lower surface, and a central opening extending through the upper and lower surfaces forming an interior perimeter surface, an upper bolster cover including a central member, an upper outer member, and a lower outer member, wherein the upper outer member includes a third closure element and the lower outer member includes a fourth closure element, wherein the fourth closure element of the upper bolster cover connects to the first closure element of the lower bolster cover, a fiber-filled cushion including an upper surface, a lower surface, an outer side surface extending from the upper surface and the lower surface, and a central opening extending through the upper surface and the lower surface forming an interior perimeter surface, wherein the third closure element of the upper outer member connects to the second closure element of the lower bolster cover such that the upper outer member covers the

upper surface of the fiber-filled cushion, and the lower outer member of the upper bolster cover separates the foam cushion from the fiber-filled cushion, and a mattress portion that is removably coupled to the bolster, wherein the mattress portion has a quilted top surface."

21. Bedgear's Performance Dog Bed infringes at least claim 1 of the '849 Patent because it is a pet bed that includes all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "a bolster" comprising "a lower bolster cover having a bottom member and a side member extending from a perimeter of the bottom member," "a first closure element extending around an upper interior region of the side member and a second closure element extending around an upper exterior region of the side member," "a foam cushion positioned on the bottom member of the lower bolster cover" having "a central opening extending through the upper and lower surfaces forming an interior perimeter surface," "an upper bolster cover including a central member, an upper outer member, and a lower outer member," "wherein the upper outer member includes a third closure element and the lower outer member includes a fourth closure element, wherein the fourth closure element of the upper bolster cover connects to the first closure element of the lower bolster cover," "a fiber-filled cushion" having "a central opening extending through the upper surface and the lower surface forming an interior perimeter surface," "wherein the third closure element of the upper outer member connects to the second closure element of the lower bolster cover such that the upper outer member covers the upper surface of the fiber-filled cushion, and the lower outer member of the upper bolster cover separates the foam cushion from the fiber-filled cushion," and "a mattress portion that is removably coupled to the bolster, wherein the mattress portion has a quilted top surface."

22. For example, Bedgear's Performance Dog Bed is a pet bed that includes a "home base" having a bolster with a bottom cover (a lower bolster cover) having a bottom member and a

side member extending from a perimeter of the bottom member; "foam siding" (a foam cushion) positioned on the bottom member of the bottom cover and having a central opening; a top cover (an upper bolster cover) having a central member, an upper outer member, and a lower outer member; and a "pillow bolster insert" (a fiber-filled cushion) having a central opening. Bedgear's website instructs users to separate the top cover from the bottom cover by unzipping a white zipper (the first and fourth closure elements) and to remove the "foam siding," and, on reassembly, to reattach the top cover to the bottom cover using the white zipper, fold the cover material to the center, place the "pillow bolster" on top, and unfold the material to cover the "pillow bolster" and zip it closed using a blue zipper (the second and third closure elements). In this way, the upper outer member of the top cover covers the upper surface of the "pillow bolster," and the lower outer member of the top cover separates the "foam siding" from the "pillow bolster." Bedgear's Performance Dog Bed also includes a "removable travel pad" (a mattress portion) that is removably coupled to the bolster and that has a quilted top surface.

23. Bedgear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

24. On information and belief, Bedgear's infringement of the '849 Patent has been intentional, willful, and malicious. Bedgear's bad faith is evidenced at least by Bedgear's knowledge of YETI, YETI products, and YETI's rights, including knowledge of YETI's '849 Patent prior to the filing of this Complaint; by the similarity of Bedgear's Performance Dog Bed to YETI's patented technology; and by Bedgear's continuing disregard for YETI's rights.

25. On information and belief, this is an exceptional case in view of Bedgear's unlawful activities, including Bedgear's intentional, willful, and malicious infringement.

26. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

27. Bedgear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count II:**
**Patent Infringement of U.S. Patent No. 11,805,753 Under 35 U.S.C. § 271**

28. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29. Bedgear has infringed and continues to infringe the ’753 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Bedgear’s infringing Performance Dog Bed, which includes each and every element of one or more claims of the ’753 Patent, either literally or through the doctrine of equivalents, including at least claim 12. For example, claim 12 of the ’753 Patent recites “[a] pet bed” comprising “a bolster comprising: a lower bolster cover having a bottom member and a side member extending from a perimeter of the bottom member, wherein the lower bolster cover has a first closure element extending around an upper interior region of the side member and a second closure element extending around an upper exterior region of the side member; a cushion positioned on the bottom member of the lower bolster cover, wherein the cushion includes an upper surface, a lower surface, a side surface extending from the upper surface to the lower surface, and a central opening extending through the upper surface and the lower surface forming an interior perimeter surface, and wherein the side surface of the cushion is adjacent the side member of the lower bolster cover; an upper bolster cover including a central member, an upper outer member, and a lower outer member, wherein the lower

outer member covers the upper surface of the cushion, and wherein the lower bolster cover and the upper bolster cover are separate members and are releasably connected to each other, and wherein the upper outer member includes a third closure element and the lower outer member includes a fourth closure element, wherein the fourth closure element connects to the first closure element of the lower bolster cover such that the lower outer member covers the upper surface of the cushion; and a mattress portion removably coupled to the bolster."

30. Bedgear's Performance Dog Bed infringes at least claim 12 of the '753 Patent because it is a pet bed that includes all of the claim elements of at least claim 12, either literally or through the doctrine of equivalents, including "a bolster" comprising "a lower bolster cover having a bottom member and a side member extending from a perimeter of the bottom member," "a first closure element extending around an upper interior region of the side member and a second closure element extending around an upper exterior region of the side member," "a cushion positioned on the bottom member of the lower bolster cover" having "a central opening extending through the upper surface and the lower surface forming an interior perimeter surface," "wherein the side surface of the cushion is adjacent the side member of the lower bolster cover," "an upper bolster cover including a central member, an upper outer member, and a lower outer member, wherein the lower outer member covers the upper surface of the cushion," "wherein the lower bolster cover and the upper bolster cover are separate members and are releasably connected to each other," "wherein the upper outer member includes a third closure element and the lower outer member includes a fourth closure element, wherein the fourth closure element connects to the first closure element of the lower bolster cover such that the lower outer member covers the upper surface of the cushion," and "a mattress portion removably coupled to the bolster."

31. For example, Bedgear's Performance Dog Bed is a pet bed that includes a "home base" having a bolster with a bottom cover (a lower bolster cover) having a bottom member and a side member extending from a perimeter of the bottom member; "foam siding" (a cushion) positioned on the bottom member of the bottom cover, having a central opening, and having a side surface adjacent the side member of the bottom cover; and a top cover (an upper bolster cover) having a central member, an upper outer member, and a lower outer member. The bottom cover and the top cover are separate members that are releasably connected to each other by a white zipper (the first and fourth closure elements). Bedgear's website instructs users to unzip the white zipper completely, separating the top cover from the bottom cover, to remove the "foam siding," and, on reassembly, to reattach the top cover to the bottom cover using the white zipper, such that the lower outer member of the top cover covers the upper surface of the "foam siding." The upper outer member of the top cover includes a blue zipper (the third closure element), which Bedgear's website instructs users to use to "zip close" the upper outer member. Bedgear's Performance Dog Bed also includes a "removable travel pad" (a mattress portion) that is removably coupled to the bolster.

32. Bedgear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

33. On information and belief, Bedgear's infringement of the '753 Patent has been intentional, willful, and malicious. Bedgear's bad faith is evidenced at least by Bedgear's knowledge of YETI, YETI products, and YETI's rights, including knowledge of YETI's '753 Patent prior to the filing of this Complaint; by the similarity of Bedgear's Performance Dog Bed to YETI's patented technology; and by Bedgear's continuing disregard for YETI's rights.

34. On information and belief, this is an exceptional case in view of Bedgear's unlawful activities, including Bedgear's intentional, willful, and malicious infringement.

35. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

36. Bedgear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III:**
**Patent Infringement of U.S. Patent No. D901,093 Under 35 U.S.C. § 271**

37. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38. Bedgear has infringed and continues to infringe the '093 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Bedgear's Performance Dog Bed, which is covered by the claim of the '093 Patent.

39. Bedgear's Performance Dog Bed infringes the '093 Patent because the overall appearance of Bedgear's Performance Dog Bed is substantially the same as the overall appearance of the design of the '093 Patent, and an ordinary observer would perceive the overall appearance of Bedgear's Performance Dog Bed to be substantially the same as the overall appearance of the design of the '093 Patent.

40. Bedgear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

41. On information and belief, Bedgear's infringement of the '093 Patent has been intentional, willful, and malicious. Bedgear's bad faith is evidenced at least by Bedgear's

knowledge of YETI, YETI products, and YETI's rights, including knowledge of YETI's '093 Patent prior to the filing of this Complaint; by the similarity of Bedgear's Performance Dog Bed to YETI's patented design; and by Bedgear's continuing disregard for YETI's rights.

42. On information and belief, this is an exceptional case in view of Bedgear's unlawful activities, including Bedgear's intentional, willful, and malicious infringement.

43. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

44. Bedgear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IV:**
**Patent Infringement of U.S. Patent No. D910,931 Under 35 U.S.C. § 271**

45. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 44 as though fully set forth herein.

46. Bedgear has infringed and continues to infringe the '931 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Bedgear's Performance Dog Bed, which is covered by the claim of the '931 Patent.

47. Bedgear's Performance Dog Bed infringes the '931 Patent because the overall appearance of Bedgear's Performance Dog Bed is substantially the same as the overall appearance of the design of the '931 Patent, and an ordinary observer would perceive the overall appearance of Bedgear's Performance Dog Bed to be substantially the same as the overall appearance of the design of the '931 Patent.

48. Bedgear's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

49. On information and belief, Bedgear's infringement of the '931 Patent has been intentional, willful, and malicious. Bedgear's bad faith is evidenced at least by Bedgear's knowledge of YETI, YETI products, and YETI's rights, including knowledge of YETI's '931 Patent prior to the filing of this Complaint; by the similarity of Bedgear's Performance Dog Bed to YETI's patented design; and by Bedgear's continuing disregard for YETI's rights.

50. On information and belief, this is an exceptional case in view of Bedgear's unlawful activities, including Bedgear's intentional, willful, and malicious infringement.

51. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

52. Bedgear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**
**Patent Infringement of U.S. Patent No. D955,665 Under 35 U.S.C. § 271**

53. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

54. Bedgear has infringed and continues to infringe the '665 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Bedgear's Performance Dog Bed, which is covered by the claim of the '665 Patent.

55. Bedgear's Performance Dog Bed infringes the '665 Patent because the overall appearance of Bedgear's Performance Dog Bed is substantially the same as the overall appearance

of the design of the ’665 Patent, and an ordinary observer would perceive the overall appearance of Bedgear’s Performance Dog Bed to be substantially the same as the overall appearance of the design of the ’665 Patent.

56. Bedgear’s acts of infringement have been without express or implied license by YETI, are in violation of YETI’s rights, and will continue unless enjoined by this Court.

57. On information and belief, Bedgear’s infringement of the ’665 Patent has been intentional, willful, and malicious. Bedgear’s bad faith is evidenced at least by Bedgear’s knowledge of YETI, YETI products, and YETI’s rights, including knowledge of YETI’s ’665 Patent prior to the filing of this Complaint; by the similarity of Bedgear’s Performance Dog Bed to YETI’s patented design; and by Bedgear’s continuing disregard for YETI’s rights.

58. On information and belief, this is an exceptional case in view of Bedgear’s unlawful activities, including Bedgear’s intentional, willful, and malicious infringement.

59. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

60. Bedgear also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiff YETI respectfully prays for:

1. Judgment that Bedgear has (i) infringed the ’849 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the ’753 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the ’093 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the ’931 Patent in violation of § 271 of Title 35 of the United States Code; and (v) infringed the ’665 Patent in violation of § 271 of Title 35 of the United States Code, and that all of these wrongful activities by Bedgear were willful;

2. An injunction against further infringement of YETI’s patents by Bedgear, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283;

3. An Order directing Bedgear to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4. An award of damages adequate to compensate YETI for Bedgear’s patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Bedgear’s profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

5. Such other and further relief as this Court deems just and proper.

Dated: October 9, 2026

Respectfully submitted,

By: s/*Stephen M. Ankrom*

Stephen M. Ankrom (SA5375)
New York State Bar No. 4609426
smankrom@powleygibson.com
Powley & Gibson, P.C.
60 Hudson Street, Suite 2203
New York, New York 10013
Tel. (212) 226-5054
Fax (212) 226-5085

Michael L. Krashin (*pro hac vice* forthcoming)
Illinois Bar No. 6286637
mkrashin@bannerwitcoff.com
Victoria R. M. Webb (*pro hac vice* forthcoming)
Illinois Bar No. 6307279
vwebb@bannerwitcoff.com
Anthony J. Denis (*pro hac vice* forthcoming)
Illinois Bar No. 6329599
adenis@bannerwitcoff.com
Banner & Witcoff, Ltd.
71 South Wacker Drive, Suite 3600
Chicago, IL 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**